M. M. LINDSEY ET AL. v. M. C. COPE.

No. 634.—Decided February 14, 1898.

**1. Execution—Range Levy.**

The range levy permitted by Rev. Stats., art. 2350, is not applicable to live stock not running at large, but confined in various pastures, all under fence, the largest containing 1280 acres. (Approving Cope v. Lindsey et al., 43 S. W. Rep., 29.) (Pp. 463, 466.)

**2. Same—Motion—Jurisdiction of District Court.**

Such levy and sale thereunder could be set aside on motion in the District Court issuing execution, though upon a judgment of affirmance by the Court of Civil Appeals. (Approving Cope v. Lindsey et al., 43 S. W. Rep., 29.) (Pp. 463, 466.)

**3. Same—Practice in Supreme Court—Settling Case.**

Where plaintiff in execution obtained writ of error from a judgment of the Court of Civil Appeals reversing the action of the Court below in refusing to entertain such motion, on the ground that such ruling settled the case, the Supreme Court finding such ruling correct, rendered judgment setting aside the levy and sale. (P. 467.)

ERROR to the Court of Civil Appeals for the Second District, in an appeal from Taylor County.

The motion was filed by Cope in the District Court of Taylor County, Lindsay, the plaintiff in execution, Cook, the sheriff, and Sharp, a purchaser at the sale, being made parties. The court sustained exceptions to and dismissed the motion. Cope appealed, and, on reversal, appellees obtained a writ of error on the ground that the ruling practically settled the case.

The opinion of the Court of Civil Appeals, omitting the statement of the case, the facts being given in the opinion of the Supreme Court, was as follows:

TARLTON, CHIEF JUSTICE.—On exception the court declined to entertain this motion. In this we think there was error. The allegations show that the facts did not justify a range levy, such as contemplated by the statute; that the stock were not running at large in a range, but that they were confined in pastures all under fence, the largest containing 1280 acres. The allegations negative the existence of the conditions which would justify a range levy as prescribed by article 2350, Revised Statutes. They negative the fact that the stock could "not be herded and penned without great inconvenience and expense." In fact, they indicate that the horses and cattle could be herded and penned without great inconvenience and expense.

No reason is perceived, under the facts alleged by the plaintiff, why in this case the sheriff could not follow the method prescribed as ordinarily necessary to the validity of a levy upon personal property, viz: why he could not take possession and control of the stock, situated, as they were, in inclosures of moderate size. Gunter v. Cobb, 82 Texas, 603.

The area of these pastures was so limited that it seems to us but little inconvenience or expense would have been necessitated in gathering the stock and taking care of them. Indeed, this slight inconvenience and expense would be greatly overbalanced by the injurious consequences which would attach were the provisions of article 2350, Revised Statutes, applied to a state of facts such as here presented.

As the levy was an illegal levy, it was proper for the District Court to entertain a motion to quash it; and though the judgment was rendered upon affirmance by the appellate court, the District Court, to which the mandate of the appellate court had been addressed, was the proper tribunal to issue the execution. This execution, however, should not have included, as in this instance, the costs of $23.10 incurred in the appellate court (Bonner v. Wiggins, 54 Texas, 149); and as to these costs, but no further, the execution itself should have been quashed, as appellant prayed.

*Reversed and remanded.*

*Wm. H. Lockett*, for plaintiffs in error.—In a case when a judgment is affirmed by the Court of Appeals execution should issue on said affirmed judgment and would be an original execution. Irvin v. Ferguson, 83 Texas, 491.

The range levy and notice of sale herein complained of is, and was a valid levy under the statutes of Texas, and is in strict compliance therewith. Sayles' Rev. Stats., arts. 2293, 2314; Brown v. Hudson, 38 S. W. Rep., 653; Davis & Bro. v. Dallas National Bank, 7 Texas Civ. App., 41.

*Cockrell & Hardwicke*, for defendant in error.—The allegations showing that appellees had attempted to make a range levy on stock confined in small pastures and especially negativing the fact that the stock were running at large in the range, and alleging that the stock were at all times closely kept and guarded in the said pastures and that they were and had been in actual manual possession, showed an illegal levy of the writ and an abuse of the process of the court and entitled appellant to a hearing. Rev. Stats., art. 2350; Gunter v. Cobb, 82 Texas, 598.

The execution not having been returned into court the motion to quash was in time and should have been sustained. Courts will entertain a motion to quash an illegal levy at any time. Cravens v. Wilson, 48 Texas, 340; Cook v. Sparks, 47 Texas, 32; Bryan v. Bridge, 6 Texas, 141; Owen v. Navasota, 44 Texas, 522; Scott v. Allen, 1 Texas, 512; Irvin v. Ferguson, 83 Texas, 496; McKinney v. Jones, 7 Texas, 599.

Sharp not having paid the amount of his alleged bid and being only a simulated purchaser, and the execution not having been returned into court, a motion was the proper proceeding to have his alleged purchase declared invalid.

The court erred in sustaining defendant's fourth exception to the motion to the effect that the motion showed that the execution complained

of was not issued on a judgment of the District Court but on a judg-
ment of the Court of Civil Appeals, and that for such reason the Dis-
trict Court had no power or authority to entertain a motion to quash or
stay such execution and levies and sales thereunder.   Because in law
the court had control and authority over its process, and the execution
was the process of the District Court and it was the duty of the District
Court, and it had authority, to prevent the abuse of process emanating
from its court.   Martin v. Rice, 16 Texas, 157; Irvin v. Ferguson, 83
Texas, 491.

The court erred in rendering its judgment herein because the allega-
tions in the motion showed that the defendants were attempting to
collect the costs accrued on the appeal of the case to the Court of Civil
Appeals by process issued out of the District Court, when the District
Court had not authority to issue process to collect the costs accrued in
the higher court.   Bonner v. Wiggins, 54 Texas, 149.

BROWN, ASSOCIATE JUSTICE.—M. C. Cope, defendant in error,
filed, in the District Court of Taylor County, a motion which set out
in detail facts of which we make the following summary:   March 13,
1894, in the District Court of Taylor County, in a suit of R. H. Parker
against M. W. Lindsey and J. V. Cunningham, Lindsey recovered
judgment against Parker for $2729, from which judgment Parker ap-
pealed to the Court of Civil Appeals, with M. C. Cope, R. H. Logan,
H. A. Hancock and R. E. Carter, as sureties.   The judgment of the
District Court was affirmed, and judgment rendered by the Court of
Civil Appeals for the amount of the judgment and costs against R. H.
Parker and his sureties.

H. B. Cook was sheriff of Taylor County, and on the 8th day of
February, 1897, an execution was issued by the Clerk of the District
Court of that county upon the judgment rendered by the Court of Civil
Appeals in favor of Lindsey against R. H. Parker, M. C. Cope, R. H.
Logan, H. A. Hancock and R. E. Carter, which execution was delivered
to the said sheriff (Cook), but he did not endorse on it the day on
which it came to his hands.   It is alleged that no levy of said execu-
tion upon any property had been endorsed thereon, but that "about 17th
day of February, 1897, said sheriff, by posting notices, gave notice to
the world that by virtue of an execution issued out of this court in
the case of R. H. Parker, M. C. Cope, R. E. Carter, R. H. Logan and
H. A. Hancock v. M. W. Lindsey, Nos. 620 and 718, that he would sell
on March 1, 1897, at the court-house door of the said county, the fol-
lowing described property, to-wit, as described by the said sheriff in the
said notice, to-wit, about 50 head of stock cattle branded thus, $\underline{A}$, on the
left side and left hip, and various marks.   Also about 60 head of horses
mixed, branded thus, $\underline{A}$, on the thigh.   All of said cattle and horses are
now running and ranging in the Cope pasture, being part of the Webb
and Sowell pasture south of J. M. Cope's, known as the Merrill pasture.
All of said stock and pastures being in Taylor County, Texas, on the

waters of Jim Ned Creek. This is a range levy made in the presence
of M. C. Lambeth and J. A. Thomas, two credible persons. And
said stock will be sold as they run on said range. Levied on as the
property of M. C. Cope." That on the sale day named in the said
notice the horses were sold by the sheriff and bid in by L. C. Sharp for
$50, but said horses were never in the possession of the sheriff and were
not present at the place of sale, but were sold as running on the range.
The cattle were not sold on that day; but on March 5, 1897, the said
sheriff again advertised the cattle for sale on the 17th day of March, to
be sold as running on the range. The property to be sold was described
in this second notice as follows: "181 head of horses, mules and horse
and mule colts; 80 head of said stock being mares branded PRK; 18
two year old mules, if branded brands are unknown; 35 one year old
mules, if branded brands unknown. The remaining 15 head are of all
ages of both horses and mule stock, if branded brands unknown. All
of said stock running on their range, in the Shelly pasture and adjacent
range, on the waters of Rainey Creek, Taylor County, Texas. This
levy is a range levy made in the presence of A. L. Turner and J. P.
Daniel, two credible witnesses. And said stock will be sold as they
run on said range. Levied on as the property of R. H. Logan, R. E.
Carter, H. A. Hancock and M. C. Cope." It is alleged that said stock
was not running on a range, nor had been running on a range at any
time during the time mentioned. The same had been in the actual
manual possession of the owner, M. C. Cope, for a long time prior to
the levy and had been closely kept confined in the said Shelly pasture.
It is alleged that the Merrill pasture contained 1280 acres all under
fence; that the other pastures named in the first advertisement con-
tained 586 acres all under fence, and that the Shelly pasture contained
830 acres all under fence, and that the stock mentioned in each of said
advertisements were confined within the different pastures named.

The motion concluded with the following prayer: "Wherefore com-
plainant prays that all defendants be served with notice of this motion;
that on hearing hereof said pretended levies, sales thereunder and threat-
ened sales thereunder be in all things quashed, annulled and held for
naught, for costs of this motion, legal, general, special and equitable
relief."

M. W. Lindsey, H. B. Cook and L. C. Sharp were made defendants
in this motion and M. W. Lindsey filed a general demurrer and various
special exceptions to the motion, which the trial court sustained, and
M. C. Cope declining to amend his motion it was dismissed. Upon ap-
peal, the Court of Civil Appeals reversed the judgment of the trial court
and remanded the cause. Lindsey and others have applied to this court
for a writ of error, alleging that the judgment of the Court of Civil Ap-
peals practically settles the case, and upon this ground this writ of
error was granted.

We agree with the Court of Civil Appeals in its conclusion of law
upon the facts stated in the motion under consideration and have noth-

ing to add to the clearly expressed opinion written by Chief Justice
Tarlton, but will proceed to enter final judgment in the case as required
by the statute under which we took jurisdiction of this cause.

It is ordered that the judgment of the Court of Civil Appeals, in so
far as it remands the cause for further trial, be reversed, but affirmed in
all other respects, and that judgment be here entered that all levies made
by H. B. Cook, sheriff of Taylor County, upon the property of M. C.
Cope and described as "range levies," which levies were made under an
execution issued by the Clerk of the District Court of Taylor County
February 8, 1897, upon a judgment in favor of M. W. Lindsey against
R. H. Parker, R. E. Carter, M. C. Cope, H. A. Hancock and R. H.
Logan, be and the same are hereby set aside and held for naught, and
that the sale which was made by the said sheriff of fifty head of horses
as the property of M. C. Cope, levied upon as aforesaid and sold to L.
C. Sharp under said execution, be and the same is hereby set aside and
annulled and that the defendant in error recover of the plaintiff in error
all costs in all the courts.

*Affirmed and rendered.*